# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

ROGER BURRESS,

        Movant,

v.                                   Case No. 2:16-cv-05347
                                    Case No. 2:03-cr-00024

UNITED STATES OF AMERICA,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant, Roger Burress' (hereinafter "Defendant") Motion to Vacate, Set Aside or Correct Sentence (ECF No. 202). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

*Defendant's federal conviction and direct appeal*

On July 14, 2003, pursuant to a written plea agreement, Defendant pled guilty in this United States District Court to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carried a maximum sentence of ten years in prison. However, at sentencing, which occurred on January 20, 2005, this Court found that Defendant had committed three prior felony offenses categorized as "violent felonies"

under 18 U.S.C. § 924(e)(2)(B) (the "Armed Career Criminal Act" or "ACCA").[1] As specified in Count Two of the Indictment, Defendant was previously convicted of the following felony offenses:

- 1979 - kidnapping in violation of Ohio Rev. Code § 2905.01
- 1979 - attempted rape in violation of Ohio Rev. Code § 2907.02
- 1982 - aggravated burglary in violation of Ohio Rev. Code § 2911.11
- 1989 - aggravated burglary in violation of Ohio Rev. Code § 2911.11

(ECF No. 12 at 2-3).[2] As a result of these prior convictions, Defendant was classified as an armed career criminal, and was subject to a mandatory minimum sentence of fifteen years (or 180 months) of imprisonment, pursuant to 18 U.S.C. § 924(e)(1).[3] He also received a sentencing enhancement from a level 20 to a level 33 under section 4B1.4(b)(3)(B) of the United States Sentencing Guidelines.[4] Defendant was sentenced to serve 210 months in prison, followed by a five-year term of supervised release.

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable … by imprisonment for a term exceeding one year … that

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

[2] The year used for each offense is based upon the date Defendant pled guilty to such offense, which has been derived from the Government's brief and Defendant's federal Presentence Investigation Report ("PSR"), which is filed under seal in ECF No. 199. Defendant also has several prior convictions for breaking and entering in violation of Ohio Revised Code § 2911.13, and a prior conviction for receiving stolen property in violation of Ohio Revised Code § 2913.51, which the parties agree do not qualify as ACCA predicate offenses or at least are not disputed as such.

[3] The presiding District Judge did not specify how any of these crimes satisfied the ACCA criteria.

[4] As applied herein, section 4B1.4(b)(3)(B) of the Guidelines states in pertinent part that, "[t]he offense level for an armed career criminal is the greatest of . . . 33, otherwise." U.S. SENTENCING GUIDELINES MANUAL § 4B1.4(b)(3)(B).

(Judgment, ECF No. 118). Defendant's Judgment was affirmed on appeal. *United States v. Burress*, 177 F. App'x 278 (4th Cir. 2006).

*Defendant's prior section 2255 proceedings*

On January 13, 2010, Defendant, proceeding *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF Nos. 151 and 152), which was dismissed as being untimely filed. (Case No. 2:03-cr-00024 and Case No. 2:10-cv-00034, ECF Nos. 151, 158). Defendant's request for a certificate of appealability was denied and his appeal of that decision was dismissed on November 3, 2010. (*Id.*, ECF Nos. 165, 166). A Mandate issued on December 27, 2010. (*Id.*, ECF No. 168).

Defendant subsequently filed two Motions to Dismiss Indictment, Conviction and Sentence for Lack of Exclusive Jurisdiction and Subject Matter Jurisdiction (ECF Nos. 169, 171), which were construed to be section 2255 motions and were denied and dismissed by the presiding District Judge on August 17, 2016 as unauthorized second or successive section 2255 motions. (ECF No. 209).

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), holding that the residual clause of the ACCA is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. As noted by the government herein, the Supreme Court specifically excluded the remainder of the ACCA from its holding in *Johnson II*. The Court stated, "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Thus, a prior conviction may still qualify as a violent felony if it meets the criteria of the element or force clause contained in section 924(e)(2)(B)(i) or the

3

enumerated offenses of burglary, arson, extortion or crimes involving explosives under section 924(e)(2)(B)(ii). (ECF No. 211 at 4).

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson II* changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural decision. Therefore, the Court held that *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review.

### *Defendant's current section 2255 motion and Supplemental Brief*

On May 6, 2016, attorney W. Michael Frazier was appointed to represent Defendant for the purpose of determining whether he qualifies for federal habeas relief in light of *Johnson II*. (ECF No. 194). On June 13, 2016, Defendant was authorized by the United States Court of Appeals for the Fourth Circuit to file a second or successive section 2255 motion asserting a *Johnson II* claim. (ECF Nos. 200 and 201). That same date, in ECF No. 202, the court re-docketed the *pro se* Motion to Re-sentence that had been docketed as ECF No. 175 and permitted Defendant, by counsel, to file a Supplemental Brief addressing his *Johnson II* claim. (ECF No. 207).[5] Defendant's Supplemental Brief, which was filed on July 27, 2016, asserts that, after *Johnson II*, none of his predicate offenses qualify as violent felonies under the ACCA.

---

5 Defendant, acting *pro se*, previously filed a series of motions seeking relief under *Johnson II* (ECF Nos. 173, 175, 184, 189, 193 and 195), which were docketed only in the criminal case. In light of the motion filed by counsel, which comprehensively addresses the *Johnson II* issue, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** Defendant's *pro se* motions as moot. Additionally, on January 13, 2010, Defendant, by former counsel, Sebastian Joy, filed a Motion to Seal Presentence Investigation Report (ECF No. 153) which remains pending. On June 8, 2016, Defendant's Presentence Investigation Report ("PSR") was docketed under seal (ECF No. 199). Accordingly, the undersigned further **RECOMMENDS** that the presiding District Judge **DENY** the Motion to Seal PSR (ECF No. 153) as moot.

Specifically, Defendant asserts that his aggravated burglary offenses are broader than the definition of generic burglary used to qualify a burglary as an enumerated offense under the ACCA. *See Taylor v. United States*, 495 U.S. 575, 599 (1990) (defining generic burglary as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.") (ECF No. 207 at 3-4). The Supplemental Brief further contends that Defendant's predicate offenses do not meet the force clause of the ACCA because each crime can be committed without the use of violent force. (*Id.* at 4-6). Thus, Defendant contends that he does not qualify as an armed career criminal and that his original sentence "was in excess of the maximum authorized by law" or "imposed in violation of the Constitutional and laws of the United States." 28 U.S.C. § 2255. Accordingly, he contends that he is entitled to relief under section 2255 and to be re-sentenced to time served with no term of supervised release. (*Id.* at 6-7, 9).

### *The Government's Response*

On August 23, 2016, the United States (hereinafter "the Government") filed a Response to Defendant's section 2255 motion. (ECF No. 211). The response first asserts that, "as the moving party in a civil collateral attack, [Defendant] bears the burden of proving that his sentence was unlawful." (*Id.* at 5). The response further contends that "If the prisoner fails to show that his sentence is unlawful on one of the specified grounds [of 28 U.S.C. § 2255], 'the court must deny the petition.'" *United States v. Pettiford*, 612 F.3d 270, 277-78 (4th Cir. 2010), *citing United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). (*Id.*) Relying upon authority from the Seventh and Eleventh Circuits, the Government's response further asserts that, unless it is clear from the record

5

that the District Court specifically found Defendant's prior crimes to be violent felonies under the residual clause, his convictions remain unaffected by *Johnson II* and his section 2255 motion must be denied. *See Stanley v. United States*, No. 15-3728, 2016 WL 3514185, at *3 (7th Cir. June 27, 2016); *accord In re Moore*, No. 16-13993-J and 16-14361-J, 2016 WL 4010433, at *3-4 (11th Cir. July 27, 2016). (*Id.* at 5, 11).

The Government further contends that all of the state statutes involved are "divisible" (that is, they set forth alternative elements of the crime) and, using the "modified categorical approach" (discussed *infra*), Defendant's convictions satisfy the "force" clause of the ACCA because each crime has as an alternative element "the use, attempted use, or threatened use of physical force" as contemplated by 18 U.S.C. § 924(e)(2)(B)(i). (*Id.* at 5-6). The response, however, does not request immediate dismissal of the section 2255 motion, but rather requests that Defendant be given an opportunity to supplement the record with appropriate documentation sanctioned under the modified categorical approach, *see Shepard v. United States*, 544 U.S. 13, 26 (2005) (approving review of certain records when conducting modified categorical approach to determine ACCA predicate conviction), to enable the court to determine: (1) whether the District Court relied upon the residual clause in finding Defendant's prior convictions to be violent felonies; and (2) whether Defendant's prior convictions meet the force clause. (*Id.* at 10-12).

### *Defendant's Reply*

On August 31, 2016, Defendant, by counsel, filed a reply brief (ECF No. 212), asserting that the three statutes setting forth the elements of the Defendant's prior

convictions are not "divisible" and, thus, it is not appropriate to use the modified categorical approach to determine the elements of those crimes. The reply further states:

> The Government attempts to muddy the waters by arguing more information is needed for this Court to decide. However, as Movant's initial brief showed, none of his predicates qualify under the force clause; the Government concedes none of his predicates were enumerated offenses, and the residual clause is now unconstitutional. It does not matter which avenue the Court took, since none of the three can now satisfy ACCA. Movant does not believe the modified categorical approach is applicable here , but even reviewing *Shepard* documents, the fact remains Mr. Burress' prior crimes are not crimes of violence and cannot support an ACCA enhancement.

(*Id.* at 4).

### *April 19, 2017 status conference*

In reviewing the briefs of the parties, it became evident to the undersigned that the versions of the statutes cited by the parties therein did not reflect the versions of the statutes that were in effect at the time of the defendants' underlying convictions. Thus, on April 19, 2017, the undersigned conducted a status conference to discuss with counsel the text of the statutes in effect at the time of the underlying crimes and what effect, if any, such language had on the parties' arguments. Counsel indicated that the differences in the statutory text had no substantive effect on their arguments. The Government continues to assert that each of Defendant's underlying crimes satisfies the force clause of the ACCA. Defendant, on the other hand, contends that the elements of each of his prior crimes do not satisfy the violent force definition in the ACCA and, thus, do not implicate the force clause. Accordingly, he asserts that all of his prior crimes fail to qualify as predicate offenses for an ACCA enhancement. These arguments will be more specifically addressed as necessary *infra*. During the status conference, the parties

further confirmed that no underlying *Shepard* documents are available that would indicate under what specific sections of the applicable statutes the defendant was convicted.

## DISCUSSION

**A. As a threshold matter, the record need not conclusively prove that the District Court relied upon the residual clause in finding the predicate offenses to be "violent felonies" in order for this Court to grant relief herein.**

In light of the retroactive decision in *Johnson II*, the residual clause can no longer be used to qualify a prior crime as a violent felony under the ACCA. Furthermore, in light of the Fourth Circuit's recent decision in *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017), the court is not persuaded by the Government's assertion that the defendant must prove that the sentencing court found his prior convictions to be violent under the residual clause in order to obtain relief under *Johnson II*.

In *Winston*, the petitioner challenged the use of a Virginia common law robbery conviction as a predicate offense for an ACCA enhancement after *Johnson II*. Similar to its argument made herein, the Government asserted that Winston was procedurally barred from seeking relief because the record did not establish that the sentencing court relied on the residual clause to conclude that the Virginia common law robbery conviction qualified as a violent felony under the ACCA. However, the Fourth Circuit found:

> Although the record does not establish that the residual clause served as the basis for concluding that Winston's prior convictions for rape and robbery qualified as violent felonies, "[n]othing in the law requires a [court] to specify which clause . . . it relied upon in imposing a sentence." *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016). We will not penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony. Thus, imposing the burden on movants urged by the government in the present

8

case would result in "selective application" of the new rule of constitutional law announced in *Johnson II*, violating "the principle of treating similar situated defendants the same." *Id.* at 1341 (quoting *Teague v. Lane*, 489 U.S. at 304, 109 S. Ct. at 1060).

We therefore hold that when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in *Johnson II*, the inmate has shown that he "relies on" a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A). This is true regardless of any non-essential conclusions a court may or may not have articulated on the record in determining the defendant's sentence. *Chance*, 831 F.3d at 1340.

850 F.3d at 682.

The presiding District Judge's finding, at sentencing, that Defendant's prior convictions qualified as ACCA predicate offenses may have been predicated on the application of the residual clause. Thus, the undersigned proposes that the presiding District Judge **FIND** that the defendant's second or successive section 2255 motion is reviewable by this court, and that the proper inquiry is to determine whether the defendant's prior convictions can be considered to be violent felonies under either of the remaining clauses of the ACCA. The undersigned will first focus on the defendant's two prior aggravated burglary convictions because, if both of those crimes are not violent felonies, the defendant will not qualify for the ACCA enhancement and no further inquiry into his other prior convictions will be necessary.

B. **The use of the categorical versus modified categorical approach.**

In determining whether a particular conviction counts as an ACCA predicate offense, courts must take a "categorical" approach. *Taylor*, *supra*, 495 U.S. at 602. Under this approach, a prior conviction will either count as an violent felony, or not, based solely on the fact of conviction, rather than on facts particular to the individual

9

defendant's case. *Id.* Thus, for purposes of the ACCA, courts generally use this approach to determine whether a particular crime categorically qualifies as an enumerated offense, or whether all of the conduct covered by the statute in question categorically requires "violent force," which the Supreme Court has specified is "force capable of causing physical pain or injury." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (hereinafter "*Johnson I*").

However, where a statute defines a predicate offense "more broadly" than that found in the ACCA, or where a statute has multiple, alternative elements of the crime, courts may use a "modified categorical approach" to determine whether the defendant's predicate offense satisfies the ACCA. *See Mathis v. United States,* 136 S. Ct. 2243 (2016)*; Descamps v. United States*, 133 S. Ct. 2276 (2013). Such statutes are said to be "divisible," making the comparison of elements harder because one portion of the statute may satisfy one of the ACCA clauses, while another portion does not.

Therefore, under the modified categorical approach, "'a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.'" *Mathis*, 136 S. Ct. at 2249 (quoting *Shepard*, *supra*, 544 U.S. at 26); *see also Taylor*, 495 U.S. at 602. However, in order to employ the modified categorical approach, the court must be satisfied that the various ways of committing the crime consist of alternative elements of the crime and not just alternative means of satisfying one element. *Mathis*, 136 S. Ct. at 2249; *Descamps*, 133 S. Ct. at 2293.

If the alternatives are, indeed, discrete elements, "it is necessary to separate out those offenses listed in the statute that align with Congress's definition [of a violent felony

under the ACCA] from those that do not, <u>and</u> to determine which offense formed the basis of the defendant's prior conviction." *United States v. Faust*, 853 F.3d 39, 51 (1st Cir. 2017). The Supreme Court has instructed the lower courts to begin by looking to the statutory text and the case law of the state's highest court to determine what the state considers the required elements of the offense to be. *Mathis*, 136 S. Ct. at 2256; *Faust*, 853 F.3d at 52. However, "'[i]f state law fails to provide clear answers,' then *Mathis* directs the sentencing court to 'peek at the [record] documents' . . . for the sole and limited purpose of determining whether [the listed items are] element[s] of the offense.'" *Faust*, 853 F.3d at 52 (quoting *Mathis*, 136 S. Ct. at 2256-57). Significantly, though, if the records do not make plain whether the elements of the defendant's conviction meet the ACCA criteria, then the conviction cannot be used as a predicate under the ACCA. *Id.* at 60. As noted in *Mathis*:

> Of course, such record materials will not in every case speak plainly, and if they do not, a sentencing judge will not be able to satisfy "*Taylor's* demand for certainty" when determining whether a defendant was convicted of a generic offense.

136 S. Ct. at 2257; *see also Phillips v. United States*, Nos. 2:16-cv-02288-JPM-cgc; 2:02-cr-20435-BBD-1, 2016 WL 3039990 (W. D. Tenn. May 27, 2016) (finding that, where it is unclear whether a conviction necessarily involved the use of physical force, the conviction may not be used as an ACCA predicate offense). Using these parameters, the undersigned will address whether Defendant's prior convictions qualify as ACCA predicate offenses.

11

## C. Defendant's aggravated burglary convictions are not violent felonies under the ACCA.

The crime of aggravated burglary is defined in Ohio Revised Code § 2911.11. In 1982 and 1989, when Defendant was convicted of aggravated burglary, the operative text of Ohio Revised Code § 2911.11 stated in pertinent part:

> (A) No person by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit therein, any theft offense . . . , or any felony, when any of the following apply:
>
> > (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
> >
> > (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.
> >
> > (3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

O.R.C. § 2911.11.

The Government contends that aggravated burglary has two additional, alternative elements beyond that of generic burglary, requiring either: (1) that a defendant inflict, attempt to inflict, or threaten to inflict physical harm; or (2) that the defendant possessed or controlled a deadly weapon or dangerous ordnance.[6] The Government further

---

6  The Government's response appears to cite a later version of the statute, which modified the text to include that the trespass occur "with the purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense . . . ." (ECF No. 211 at 7) [Emphasis added]. The later version of the statute also deletes subsection (A)(3).

12

concedes that Ohio aggravated burglary is not an enumerated offense under the ACCA. (ECF No. 211 at 5).[7]

The Government asserts, however, that Ohio aggravated burglary meets the "force" clause of the ACCA because Defendant "must have been convicted of inflicting, attempting to inflict or threatening to inflict physical harm to the victim – with or without a deadly weapon or dangerous ordnance." (*Id.* at 8). The Government's response notes that the ACCA's use of the term "physical force" means "violent force" or "force capable of causing physical pain or injury to another," *see Johnson I*, 559 U.S. at 140, and that the force required under O.R.C. § 2911.11 meets that definition. (*Id.*)

The Government further contends that the alternative "elements" in O.R.C. § 2911.11 make the aggravated burglary statute divisible and, thus, the court may use the modified categorical approach to determine which of the alternative elements was the basis of Defendant's convictions. Accordingly, the Government contends that Defendant should be provided an opportunity to supplement the record with appropriate documents for review of the convictions under the modified categorical approach. *See Shepard v. United States*, 544 U.S. 13, 26 (2005) (approving review of certain records when conducting the modified categorical approach to determine ACCA predicate conviction).[8]

---

7 However, as will be discussed *infra*, subsequent to the filing of the Government's brief, several Ohio federal courts have held that subsection (A)(3) of O.R.C. § 2911.11, as cited above, does satisfy the generic burglary definition used to determine the enumerated offense of burglary under the ACCA. *See United States v. Larch*, No. 1:07CR487, 2017 WL 2573236 (N.D. Ohio June 14, 2017); *United States v. Smith*, No. 1:07CR364, 2017 WL 137944 (N.D. Ohio Apr. 17, 2017); *United States v. Barclay*, No. 5:13CR3, 2016 WL 3753088, at *1 (N.D. Ohio July 11, 2016), *reconsideration denied*, 2016 WL 4491725 (N.D. Ohio Aug 26, 2016).

8 However, the Government's brief largely focused on whether the residual clause was actually used in determining that Defendant's convictions were violent felonies and whether Defendant can even rely on *Johnson II* in his pursuit of relief. The undersigned previously addressed this issue in section A, *supra*.

Defendant's reply disputes the divisibility of O.R.C. § 2911.11. The reply further states:

> Movant's aggravated burglary conviction from Ohio is not divisible. It does note two alternative means to fulfill the elements (i.e., inflicting harm or having a dangerous weapon on his person), but the elements of the crime are static . . . . As such, the facts are irrelevant, and the Court should use the categorical approach, which <u>precludes</u> reviewing additional documents when examining the issue.

(ECF No. 212 at 2-3).[9]

A review of case law interpreting Ohio's burglary statutes for purposes of the ACCA indicates that, prior to *Johnson II*, federal courts had found that the offense qualified as an ACCA predicate offense under the residual clause. *See United States v. Coleman*, 655 F.3d 480, 481-84 (6th Cir. 2011); *United States v. Fowler*, 457 F. App'x 533 (6th Cir. 2012); *United States v. Leasure*, No. 5:15-cv-02000-DAP, 2015 WL 7776563, *2 (N.D. Ohio Dec. 2, 2015) (at the time of sentencing and prior to *Johnson II*, the Sixth Circuit held that O.R.C. § 2911.11 qualified as an ACCA predicate under the residual clause). Nevertheless, in light of *Johnson II*, use of the residual clause has been deemed unconstitutional and the court must determine whether the Ohio aggravated burglary statute in effect at the time of Defendant's predicate offenses meets either of the other clauses of the ACCA.

Before addressing whether the Ohio aggravated burglary statute in effect at the time of Defendant's offenses satisfies either the enumerated offenses clause or the force clause, however, the undersigned will first address the divisibility of the statute to

---

9  The reply further contends that, even reviewing the "certified conviction documents" provided by the government concerning Defendant's prior convictions, "the certified indictments of [Defendant's] burglary charges provide the Court with no guidance as to whether the force clause should apply, as they merely track the elements of the statute." (ECF No. 212 at 3). Neither party has made those documents part of the record before this court.

14

determine whether the court may employ the modified categorical approach or whether it must apply the categorical approach to determine whether it is a violent felony under the ACCA.

Beginning with a review of state case law, in 1979, the Ohio Supreme Court addressed the elements of aggravated burglary under O.R.C. § 2911.11 as follows:

> In a prosecution for a violation of R.C. 2911.11, aggravated burglary, the state must prove the same elements as the crime of burglary with the addition of one of three aggravating circumstances [those being the circumstances found in subsections (A)(1), (A)(2), or (A)(3)]. . . .

*State v. Wilson*, 58 Ohio St.2d 52, 57-58 (1979); *see also State v. Fowler*, 4 Ohio St.3d 16 (1983). Therefore, the undersigned concludes that O.R.C. § 2911.11 (as it read in 1982 and 1989) is a divisible statute, setting forth additional, alternative elements in subsections (A)(1), (A)(2), and (A)(3). *See United States v. Fountain*, 643 F. App'x 543, 547 (6th Cir. 2016) (finding that a later version of Ohio's aggravated burglary statute is divisible). Thus, the undersigned further concludes that the modified categorical approach could be employed to determine under what subsection Defendant was convicted. However, the parties have indicated that the available *Shepard* documents will not assist the court in this process because the charging documents simply track the entirety of the statutory language.[10] Consequently, the undersigned will apply the categorical approach in determining whether O.R.C. § 2911.11 qualifies as a violent felony under the ACCA. *See Mondragon v. Holder*, 706 F.3d 535, 547 (4th Cir. 2017); *United States v. Patterson*, No. 3:15cr5-LAC-EMT, 3:14cv295-LAC-EMT, 2017 WL 2626983

---

10  As noted herein, *supra*, the parties have not made the *Shepherd* documents a part of the record before the court.

(N.D. Fla. June 5, 2017) (citing *Johnson I*, 559 U.S. at 137) (applying the categorical approach and looking to the "least of the [] acts" because *Shepard* documents were not available).

Since *Johnson II*, and subsequent to the filing of the Government's response, several Ohio federal courts have considered whether Ohio's aggravated burglary statute satisfies the enumerated offense clause of the ACCA, and found that O.R.C. § 2911.11(A)(3) satisfies that clause. *See United States v. Larch*, No. 1:07CR487, 2017 WL 2573236 (N.D. Ohio June 14, 2017); *United States v. Smith*, No. 1:07CR364, 2017 WL 137944 (N.D. Ohio Apr. 17, 2017); *United States v. Barclay*, No. 5:13CR3, 2016 WL 3753088, at *1 (N.D. Ohio July 11, 2016), *reconsideration denied*, 2016 WL 4491725 (N.D. Ohio Aug 26, 2016). Although the Government has not contended that O.R.C. § 2911.11 is an enumerated offense (and, in fact conceded that it is not), the undersigned finds *Smith* to be particularly instructive on this issue.

In *Smith*, a district court in the Northern District of Ohio considered whether 1985 and 1986 aggravated burglary offenses under O.R.C. § 2911.11(A)(3) satisfied the enumerated offense clause of the ACCA. Similar to the 1982 and 1989 versions of the statute being considered herein, O.R.C. § 2911.11(A)(3) defined aggravated burglary as "trespass entry (by force, stealth, or deception) into an occupied structure . . . with purpose to commit therein any theft offense or any felony . . . when the occupied structure involved the permanent or temporary habitation of any person, in which any person is present or likely to be present." 2017 WL 1370944 at *2. Although Ohio's general burglary statute had been determined to be broader than the generic burglary definition found in *Taylor*, 495 U.S. at 598, which is used to determine the enumerated offense of

16

burglary under the ACCA (*see United States v. Lane,* 909 F.2d 895, 902 (6th Cir. 1990)), the *Smith* court determined that Ohio's aggravated burglary elements are more narrowly defined than those in *Taylor*. Thus, the *Smith* court determined that O.R.C. § 2911.11(A)(3) is a violent felony under the enumerated offense clause. Therefore, notwithstanding the Government's concession, O.R.C. § 2911.11(A)(3), as it read in 1982 and 1989, may, categorically, be a violent felony under the ACCA.

Additionally, it appears to the undersigned that section (A)(1) of the statute requires the use or threatened use of force that potentially meets the force clause of the ACCA. S*ee Fullum v. United States*, No. 1:16CV216, 2017 WL 2955330, *3 (N.D. Ohio, July 11, 2017) (citing *United States v. Patterson*, 853 F.3d 298 (6th Cir. 2017) (finding that "inflicting or threatening to inflict physical harm on another" under O.R.C. § 2911.11(A)(1) is sufficient to satisfy the ACCA elements or force clause). However, section (A)(2) of the statute contains an alternative element that merely requires that a defendant trespass into an occupied structure with the intent to commit a theft or other felony, and that the defendant have a deadly weapon or dangerous ordinance on his person. Section (A)(2) does not require that the defendant use or even brandish the weapon or ordinance. Consequently, the undersigned believes that section (A)(2) would not satisfy the force clause. Therefore, O.R.C. § 2911.11 appears to be a divisible statute which has alternative elements, some of which may satisfy the ACCA's violent felony criteria, and some that do not.

This court must presume that Defendant's conviction "rested upon nothing more than the least of the acts criminalized before determining whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680

(2013); *Johnson I*, 559 U.S. at 137.  Because the available records do not demonstrate under which section of O.R.C. § 2911.11 Defendant was convicted, and the statute contains at least one non-violent form of the crime, the undersigned proposes that the presiding District Judge **FIND** that Defendant's prior convictions under O.R.C. § 2911.11 cannot be used as predicate offenses under the ACCA.  Based upon these findings, the undersigned further proposes that the presiding District Judge **FIND** that Defendant's two prior convictions for aggravated burglary under Ohio law no longer qualify as violent felonies under the ACCA.

### D. Defendant is entitled to relief under 28 U.S.C. § 2255.

Upon review of the record in light of *Johnson II* and *Welch*, the undersigned proposes that the presiding District Judge **FIND** that defendant's aggravated burglary convictions under Ohio law no longer qualify as "violent felonies" under section 924(e)(2) and, thus, he does not meet the criteria to be an armed career criminal.[11]  As a result, Defendant's current sentence is "in excess of the maximum authorized by law" and "was imposed in violation of the Constitution or laws of the United States."  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to relief under 28 U.S.C. § 2255.

---

11  Because Defendant's two aggravated burglary convictions no longer qualify as violent felonies under the ACCA, the undersigned finds it unnecessary to address his attempted rape and kidnapping convictions, as he cannot have three qualifying predicate offenses.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 202), vacate Defendant's sentence, and set his judgment aside. In accordance with 28 U.S.C. § 2255(b), the District Court may then discharge Defendant, resentence him, or correct his sentence as may appear appropriate.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

January 10, 2018

Dwane L. Tinsley
United States Magistrate Judge