```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT CHARLESTON
```

ROGER BURRESS,

    Movant,

v.　　　　　　　　　　　　　　　　　　Civil No. 2:16-cv-05347
　　　　　　　　　　　　　　　　　　　Criminal No. 2:03-cr-00024

UNITED STATES OF AMERICA,

    Respondent.


## MEMORANDUM OPINION AND ORDER

The court has received the Proposed Findings and Recommendation of United States Magistrate Judge Dwane L. Tinsley, filed on January 10, 2018, wherein it is found and recommended that the movant's Motion to Vacate, Set Aside or Correct Sentence be granted.  The movant on January 12, 2018, and the United States on January 17, 2018, state in their filings that they have no objections to the Proposed Findings and Recommendation ("PF&R") and both request that, in lieu of the sentence of imprisonment imposed upon the movant, that he be sentenced to a term of imprisonment of ten years.

I.

On July 14, 2003, movant pled guilty and was convicted in the above-cited criminal case of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which carried a maximum sentence of ten years in prison. At a hearing memorialized by order entered on February 6, 2004, and at sentencing on January 20, 2005, the court found that he had committed four prior offenses categorized as violent felonies under 18 U.S.C. § 924(e)(2)(B), being the Armed Career Criminal Act ("ACCA") which requires at least three such offenses. As specified in the indictment, the movant was previously convicted of the felony offenses of kidnapping and attempted rape, as well as two aggravated burglary offenses that were in violation of Ohio Rev. Code § 2911.11. Consequently, movant was classified as an Armed Career Criminal subject to a mandatory minimum sentence of fifteen years of imprisonment with a guideline range of 210 to 262 months. He was sentenced to a term of 210 months followed by a five-year term of supervised release. The movant's conviction and sentence were affirmed on appeal. United States v. Burress, 177 F. App'x 278 (4th Cir. 2006).

As a result of the subsequent opinion by the United States Supreme Court in United States v. Johnson, 135 S.Ct. 2551 (2015), made retroactive by United States v. Welch, 136 S.Ct. 1257 (2016), the residual clause of the ACCA is deemed unconstitutionally vague, thereby violating due process. As fully developed in the PF&R, the two aggravated burglary offenses committed under Ohio law by the movant do not constitute violent felonies for purposes of the ACCA after Johnson. The movant is now deemed not to have met the requirements of the ACCA. Rather, he is subject to no more than the maximum statutory penalty of ten years imprisonment for the offense of convicted felon in possession of a firearm.

While the parties agree that the movant should be sentenced to the statutory maximum of ten years imprisonment, there is no agreement on whether supervised release should be imposed.

II.

Inasmuch as the offense of conviction carries a maximum term of imprisonment of ten years, but less than twenty-five years, it is a Class C felony under 18 U.S.C. § 3559(a)(3). Under 18 U.S.C. § 3583(a), the court "may include as part of the

3

sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." The authorized term of supervised release for a Class C felony is not more than three years. 18 U.S.C. § 3583(b)(2). United States Sentencing Guideline § 5D1.2(a)(2) provides that the length of the term of supervised release for a Class C felony is at least one year, but not more than three years. Inasmuch as a term of supervised release is not required by statute for the offense of conviction here, the court looks to the guidelines for guidance.

USSG § 5D1.1(a) directs that, when not required by statute, "the court shall order a term of supervised release to follow imprisonment . . . (2) . . . when a sentence of imprisonment of one year is imposed." Under Application Note 1 to that guideline, the following is stated:

> The court may depart from this guideline and not impose a term of supervised release if supervised release is not required by statute and the court determines, after considering the factors set forth in Note 3, that supervised release is not necessary.

The factors set forth in Application Note 3 include the same factors that are set forth under 18 U.S.C. § 3553(a) to the extent that they are designated for the determination of a term of supervised release by 18 U.S.C. § 3583(d). The commentary to USSG § 5D1.1 notes in particular that the court is to consider,

4

among other factors, the following as set forth in Note 3(A)(i)-(iii):

> (i) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (ii) the need to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (iii) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In addition, it is noted in Application Note 3(B) that:

> The court should give particular consideration to the defendant's criminal history (which is one aspect of the "history and characteristics of the defendant" in subparagraph (A)(i), above). In general, the more serious the defendant's criminal history, the greater the need for supervised release.

The defendant's criminal history is a quite serious one involving as it does the four felonies earlier noted of kidnapping, attempted rape and two aggravated burglaries, and several other convictions. There is indeed a need to afford adequate deterrence to criminal conduct of the sort in which the defendant engaged, as well as to protect the public from further

crimes by him and, to a degree, provide the defendant with correctional treatment such as that which supervised release may make available. On the other hand, the unwarranted sentencing disparity factor leans weightily in favor of the defendant inasmuch as he has served imprisonment that is far longer than the ten-year maximum ultimately found to apply to his case. In an attempt to afford some measure of fairness to the defendant under those circumstances, the court finds that, at most, one year of supervised release is sufficient; and the court varies downward to limit it to six months during which his probation officer can assist him in his readjustment to society at large, fulfilling to some extent the role of community confinement that is ordinarily made available to a federal inmate during the final months of one's sentence.

III.

The court adopts the findings and recommendation as set forth in the PF&R to the extent set forth below and ORDERS as follows:

(1) Movant's Motion to Vacate, Set Aside, or Correct Sentence be, and it hereby is, granted to the extent set forth below;

(2) Movant, Roger Burress, is sentenced to a term of imprisonment of TEN (10) YEARS, with credit for time served;

(3) The court imposes a term of supervised release of SIX (6) MONTHS, subject to the same terms and conditions as originally imposed;

(4) In all other respects the Judgment Order entered in this action on January 31, 2005, shall remain in full force and effect.

(5) The movant is, accordingly, subject to release from imprisonment immediately; and

(6) The Bureau of Prisons is directed to process movant's release quickly in order that he may be released from imprisonment promptly.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department and the United States Marshal.

DATED: January 19, 2018

John T. Copenhaver, Jr.
United States District Judge